J-S53011-12

2015 PA Super 4

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DONTEZ PERRIN, | : | |
| | : | |
| Appellant | : | No. 1166 EDA 2011 |

Appeal from the Judgment of Sentence of November 16, 2010,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0003284-2008.

BEFORE:   SHOGAN, WECHT, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:          **FILED JANUARY 12, 2015**

This matter comes before this Court on remand from the Pennsylvania Supreme Court "for reconsideration in light of **Commonwealth v. Castro**," 93 A.3d 818 (Pa. 2014). After so doing, we grant the request of Dontez Perrin (Appellant) to remand for a hearing based upon after-discovered evidence, and remand the case for further proceedings consistent with this opinion.

The procedural history of this case is as follows. Appellant appealed from his November 16, 2010 judgment of sentence of an aggregate term of five to ten years' imprisonment following his convictions for aggravated assault, robbery, criminal conspiracy, and possession of an instrument of

*Retired Senior Judge assigned to the Superior Court.

crime.[1]  Appellant asked this Court to remand the case for a hearing based upon after-discovered evidence.  After reviewing the relevant law, including this Court's decisions in **Commonwealth v. Rivera**, 939 A.2d 355 (Pa. Super. 2007), and **Commonwealth v. Castro**, 55 A.3d 1242 (Pa. Super. 2012) (*en banc*), we granted Appellant's request and remanded the case for further proceedings.  **Commonwealth v. Perrin**, 59 A.3d 663 (Pa. Super. 2013).  The Commonwealth filed a petition for allowance of appeal with our Supreme Court.  On June 16, 2014, that Court reversed this Court's **Castro** decision.  By order of October 2, 2014, our Supreme Court granted the Commonwealth's petition for allowance of appeal in the instant case, vacated this Court's order, and remanded the case to us for reconsideration in light of its **Castro** opinion.

We discussed the facts of the instant case in detail in our prior opinion, **see Perrin**, 59 A.3d at 664-65, and need not reiterate them herein.  Suffice it to say that Appellant's convictions were based primarily upon the testimony of Lynwood Perry, who informed the jury that Appellant had joined him and Amir Jackson in committing the robbery of the victim, Rodney Thompson.[2]  Perry acknowledged that he was testifying for the

---

[1] 18 Pa.C.S. §§ 2702(a), 3701(a)(1), 903(a)(1), and 907(a), respectively. In addition, Appellant was found guilty of a number of other crimes for which no further penalty was imposed.

[2] Thompson, who knew the other two men who attacked him but had not seen the third man before the night of the robbery, also testified at

Commonwealth pursuant to a deal with the federal government, by which he could receive a significantly lighter sentence for federal charges stemming from his participation in the instant and other robberies in exchange for his cooperation with the prosecution.

On June 6, 2011, well after Appellant's trial and sentencing but while his direct appeal was pending, the District Attorney's Office forwarded to Appellant's counsel a communication from the FBI. The document contains Agent Joseph Majarowitz's summary of a May 9, 2011 interview with Curtis Brown, who had been incarcerated with Perry. Brown stated that Perry spoke of testifying at trial in a state court case against Appellant. Perry indicated that he testified that Appellant was involved in the robbery because "someone had to 'go down' for it," but that Appellant was not actually involved in the crime. FBI Form FD-302, 5/18/2011.

This document formed the basis of Appellant's petition to remand the case for a new trial or to pursue an after-discovered evidence petition with the trial court. In granting Appellant's petition and remanding the case for a hearing, we offered the following discussion.

> "A post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after such discovery." Pa.R.Crim.P. 720(C). "[A]fter-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should

---

Appellant's trial. However, Thompson's testimony was less definite than Perry's, as Thompson had given conflicting descriptions of the third attacker and failed to identify Appellant consistently.

include a request for a remand to the trial judge...." Pa.R.Crim.P. 720, Comment. Having determined that Appellant has followed the proper procedure, we turn to the merits of his request for relief.

> To obtain relief based on after-discovered evidence, appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Montalvo*, 604 Pa. 386, 986 A.2d 84, 109 (2009) (quoting *Commonwealth v. Pagan*, 597 Pa. 69, 950 A.2d 270, 292 (2008)).

The Commonwealth does not contend that Appellant failed to exercise reasonable diligence in discovering Brown's evidence prior to the conclusion of trial. With Brown informing the FBI of Perry's statements about Appellant's innocence months after Appellant was sentenced, we are satisfied that Appellant has met the first prong of the after-discovered evidence test. Further, as no evidence was offered at trial to demonstrate that Appellant did not participate in the robbery, the second prong is satisfied.

Addressing the remaining two prongs of the test, the Commonwealth argues that Brown's statement would solely be used for impeachment purposes, and that "it is unlikely that a vague, secondhand statement from an inmate whose motives and connections to [Appellant] and Perry are unknown would tip the weight of the evidence in his favor and cause the finder of fact to acquit him." Commonwealth's Brief at 11. We agree that it is not clear from the scant evidence before us that Appellant is entitled to a new trial. However, we need not decide these issues in the first instance.

We find instructive this Court's decisions in [*Rivera*] and [*Castro*].

In *Rivera*, after the trial, the Commonwealth's laboratory technician, who testified as to the weight and type of drugs that

the appellant was accused of possessing, was "exposed as a corrupt and criminal individual who had abused her position of trust with the Philadelphia Police Department and had been charged with stealing drugs from the lab." *Id.* at 357. Noting that it was "likely that a new trial is warranted in this case," *id.* at 359, we nonetheless followed the proper procedure and remanded the case for an evidentiary hearing to allow Rivera to make his case to the trial court that the after-discovered evidence met the four-prong test discussed above.

Similarly, in **Castro**, the Philadelphia Daily News published an article, after Castro's trial, alleging that the police officer who had testified against Castro [(Officer Cujdik)] had engaged in corruption and falsification of evidence when conducting a drug raid unrelated to the charges against Castro. **Castro**, 55 A.3d at 1244–45. Based upon this article as after-discovered evidence, Castro moved for a new trial. The trial court denied the motion, determining that the new evidence had no purpose other than to impeach the credibility of the officer. *Id.* Relying on **Rivera**, this Court, sitting *en banc*, vacated Castro's judgment of sentence and remanded the case for a hearing on the after-discovered evidence claim, stating as follows.

> The issue presently before us speaks to fundamental fairness. Had the news article been published four days before, rather than four days after Castro's trial, he would have almost certainly been granted a continuance to test the allegations. We do not yet know whether Castro will be able to present a sufficient quantum of evidence to warrant vacating his conviction, but the potential for uncovering exculpatory evidence makes it more than probable that a trier of fact would come to a different conclusion. To deny Castro the opportunity to assert a proper defense at this time would exalt form over substance, which this Court declines to do.

*Id.* at 1249.

In the instant case, Appellant's after-discovered evidence does more than call a key witness's testimony into question based upon information that that witness was accused of bad acts related to some other criminal cases. Appellant has

evidence from the FBI that Perry, the key witness at trial given Thompson's inconsistent identification of Appellant, admitted that he perjured himself and that Appellant had nothing to do with the crime. We do not know at this point the extent of the statements against his interest that Perry made to Brown, or how much the evidence will point towards impeachment of Perry versus exculpation of Appellant. **Because this evidence is even more pointed toward Appellant's innocence than the evidence at issue in *Rivera* and *Castro***, we find it appropriate to remand the case to allow Appellant to flesh-out his claim for a new trial before the trial court.

*Perrin*, 59 A.3d at 665-67 (emphasis added).[3]

We now consider whether a different result is warranted given our Supreme Court's reversal of this Court's *Castro* decision. The Supreme Court granted review in *Castro* to decide the following issue: "Is it possible to meet the test for after-discovered evidence where the defendant proffers no evidence, but instead relies on a newspaper article?" *Castro*, 93 A.3d at 824. After agreeing with the parties that the newspaper article at issue was not itself evidence, but rather a collection of "allegations that suggest such evidence may exist," *id.* at 825, the Court went on to offer the following guidance about what is required of a criminal defendant making an after-discovered evidence claim.

We decline to impose a strict requirement that the proponent of a Rule 720 motion attach affidavits or other offers of proof; the rule does not contain express language requiring this, in contrast to the rules pertaining to PCRA petitions. However, we hold a motion must, at the very least, describe the

---

[3] Judge Shogan filed a dissenting opinion, opining that Appellant had failed to demonstrate that Perry's statement would be used for a purpose other than impeachment.

> evidence that will be presented at the hearing. Simply relying on conclusory accusations made by another, without more, is insufficient to warrant a hearing. The article here mentioned individuals who may have been relevant witnesses in the end, as well as a video tape and an ongoing investigation regarding Officer Cujdik. The motion says nothing about which, if any, of this potential evidence appellee would rely on to support his request for a new trial. Absent identification of the actual testimony, physical evidence, documentation, or other type of evidence to support the allegations of Officer Cujdik's wrongdoing, we cannot conclude appellee had evidence to offer; to conclude otherwise would be speculation.

*Id.* at 827 (footnote omitted).

Applying these pronouncements of our Supreme Court to the facts of the instant case, we see no reason to alter our original analysis or conclusion. The proof of after-discovered evidence at issue offered in the instant case is a document generated by an FBI agent detailing a conversation in which Perry admitted that Appellant did not participate in the crimes for which he was convicted, not a newspaper article alleging a witness's acts of impropriety in an unrelated matter.

Further, Appellant described the evidence he will offer at the hearing with sufficient specificity to satisfy our Supreme Court's requirements. In *Castro*, Castro did not identify in his petition the witnesses he wished to call to support his claim. *See Castro*, 93 A.3d at 827 n.14 ("At argument, [Castro's] counsel stated that he had spoken with the reporters who authored the article and the FBI agents involved in the investigation, and he would offer them as witnesses; however, [Castro's] motion did not mention

these witnesses"). In stark contrast, Appellant's petition for remand clearly states that, if granted an evidentiary hearing, he will call Lynwood Perry and Curtis Brown, as well as FBI Special Agent Joseph Majarowitz, as witnesses to offer exculpatory evidence and establish that a different result would obtain if Appellant is granted a new trial. Petition for Remand, 1/19/2012, at 2-3.

Accordingly, we again grant Appellant's petition for remand, and remand this case for an evidentiary hearing and a trial court determination of whether a new trial is warranted.

Petition for Remand granted. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judge Wecht joins the opinion.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 1/12/2015