J-A02001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONTE JONES | |
| Appellant | No. 1879 EDA 2013 |

Appeal from the Judgment of Sentence May 10, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014635-2011

BEFORE: PANELLA, J., LAZARUS, J., and WECHT, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 06, 2015**

Appellant, Donte Jones, appeals from the judgment of sentence entered May 10, 2013, by the Honorable Jeffrey P. Minehart, Court of Common Pleas of Philadelphia County, following his conviction of murder in the third degree and related offenses. We affirm.

While serving a sentence for murder in the first degree, Appellant, along with co-defendant Sean Sullivan, was housed in Pod 2 of Block C at the Curran-Fromhold Correctional Facility. On June 21, 2011, Sullivan got into a dispute with the inmates in Cell 15, Aaron Young and Richard Gyton. Sullivan threatened to settle the dispute later that night. Sullivan began to recruit co-conspirators, including Appellant, to assist him. Later that day, Sullivan, Appellant, and two other inmates went to Cell 15. Sullivan had an

improvised knife sticking out of his pants. Ultimately, however, prison guards dispersed the group.

Over the next hour, Appellant and his friends huddled together in the prison yard, while the Cell 15 inmates played basketball and then returned to their cell. A few minutes later, a fight broke out among inmates waiting to use the phone. Taking advantage of the confusion, Sullivan and two of his cohorts ran to Cell 15 and stabbed Gyton and Young multiple times. A friend of Gyton and Young heard the screams and ran towards their cell, where one of Sullivan's friends attacked him. Sullivan and company ran towards the day room, where Appellant joined them. They ambushed another prisoner, Earl Bostic, stabbing him nine times and killing him. One corrections officer saw Appellant running from Bostic's body. A search of Appellant's cell turned up eight homemade weapons.

Following a bench trial, the trial court convicted Appellant of murder in the third degree, conspiracy to commit homicide, possession of an instrument of crime, and possession of a prohibited offensive weapon. All of the charges stemmed from the murder of Bostic. The trial court acquitted Appellant of various charges stemming from the assaults on the other inmates. On May 10, 2013, based upon Appellant's prior first-degree murder conviction, the trial court sentenced him to a second mandatory life sentence for murder in the third degree, with concurrent sentences on the remaining charges. This timely appeal followed.

Appellant raises the following issues for our review.

1. Were the verdicts of murder in the third degree, conspiracy to commit murder of the third degree, possession of an instrument of crime and possession of an offensive weapon, not supported by sufficient evidence? Was the evidence contradictory and conflicting and not sufficient to support the verdicts?

2. Were the verdicts of murder in the third degree, conspiracy to commit murder of the third degree, possession of an instrument of crime and possession of an offensive weapon against the weight of the evidence?

3. Did [the trial court] err in not holding a hearing and not granting a new trial based on the after discovered evidence of recantation by the Commonwealth witnesses, Tyrell Rivers and Richard Gyton?

Appellant's Brief at 5.

We review a challenge to the sufficiency of the evidence as follows.

The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

> However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

**Commonwealth v. Slocum**, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

We note preliminarily that the Commonwealth contends Appellant has waived his challenge to the sufficiency of the evidence in support of his convictions. "In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." **Id**. (citation omitted).

In his Rule 1925(b) Statement of Errors Complained of on Appeal, Appellant argues only that the evidence was insufficient to support his convictions because "the evidence was extremely contradictory and confusing." Concise Statement, 7/2/13 at ¶1. Appellant fails to identify *any* element of any of the crimes for which he was convicted that was not established by sufficient evidence. We therefore find that Appellant has failed to preserve his sufficiency claims on appeal. **See Garland**, **supra**.

Even if we were to review Appellant's sufficiency claims, they would not merit relief. Appellant essentially argues that his verdicts were inconsistent because he was acquitted of the charges arising from the assaults of prison inmates other than Bostic. We simply find no inconsistency. Those charges arising out of the assaults of various other inmates rest on facts and evidence different from that upon which Appellant's convictions were based. Thus, Appellant's claim would still fail.

Appellant next argues that the verdicts were against the weight of the evidence. *See* Appellant's Brief at 37-41. We note that

> [t]he finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.
>
> As an appellate court we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breach, temporarily and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience."
>
> Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Boyd*, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (citations omitted).

Upon review, we find no abuse of discretion by the trial court in determining that the verdicts were not against the weight of the evidence. The trial court's determinations are supported by the record, and the court acted well-within its discretion to credit the consistent testimony of the Commonwealth's witnesses and not Appellant. **See Commonwealth v. Bullick**, 830 A.2d 998, 1000 (Pa. Super. 2003) ("[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." (citation omitted)). Thus, we find this claim to be without merit.

Lastly, Appellant argues that the trial court erred in denying his request for a new trial on the basis of after-discovered evidence. In support of his claim, Appellant relies upon two affidavits in which witnesses, Richard Gyton and Tyrell Rivers, recant their statements to detectives implicating Appellant in Bostic's stabbing. **See** Appellant's Brief, Exhibits B and C. To obtain relief based on after-discovered evidence, Appellant must demonstrate that the evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Perrin***, 108 A.3d 50, --- (Pa. Super. 2015)[1] (citation omitted).

In the instant case, Appellant's after-discovered evidence claim is merely cumulative of the testimony Gyton and Rivers gave at trial. As astutely noted by the trial court, Gyton and Rivers had already effectively recanted their prior statements, so that their purportedly newly discovered testimony does not conflict with the testimony the witnesses offered at trial. Although both witnesses initially indicated to detectives that they observed Appellant stab Bostic, they refused to cooperate at trial and identify Appellant as the attacker. ***See*** N.T., 2/27/130 at 144; N.T., 2/28/13 at 41. Thus, as Gyton and Rivers never implicated Appellant in the prison attack at trial, the supposed recantation affidavits do not satisfy the requirement that the evidence would likely result in a different verdict if a new trial were granted. Accordingly, Appellant's after-discovered evidence claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2015

---

[1] As of March 26, 2015, page numbers were unavailable on Westlaw.