J-S21018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD MARAGH | |
| Appellant | No. 1062 EDA 2015 |

Appeal from the Judgment of Sentence April 16, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001217-2012

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 22, 2016**

Donald Maragh appeals *nunc pro tunc* from his judgment of sentence following the entry of a negotiated guilty plea to aggravated assault,[1] criminal conspiracy,[2] violation of the Uniform Firearms Act,[3] and possession of an instrument of crime (PIC).[4]  Counsel has also filed a petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and its

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(A).

[2] 18 Pa.C.S. § 903(C).

[3] 18 Pa.C.S. § 6105(A)(1).

[4] 18 Pa.C.S. § 907(A).

progeny.[5]  After careful review, we grant counsel's petition to withdraw and affirm Maragh's judgment of sentence.

On November 30, 2011, Maragh and his co-defendant, Armand Hayes, were involved in an altercation with the victim and his parents outside of Eddie's Café & Bar, located in Southwest Philadelphia.  Maragh removed a handgun from his person and began threatening the victim and his parents.  Maragh fled in a car, driven by Hayes, where they chased the victim in his car.  Maragh fired several shots out of the passenger-side window in the direction of the victim's car, causing the victim to lose control of and crash his vehicle.  Maragh got out of the car and fired several more bullets in the victim's direction, ultimately striking the victim in his leg.  Maragh and Hayes fled the scene.

Police officers were able to trace the abandoned vehicle to Hayes.  Hayes confessed his involvement in the criminal episode to the police.  The victim and his parents later identified Maragh, from a photo array, as the assailant.  A search warrant secured for Maragh's residence uncovered a semiautomatic 9mm handgun located under the mattress in his bedroom.  The weapon was loaded with eight live rounds; it was later matched to the gun used in the victim's shooting.

_____

[5] Pursuant to Pa.R.A.P. 1925(c)(4), counsel has filed of record and served on the trial judge his intent to file an **Anders** brief in lieu of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On April 16, 2013, Maragh entered a negotiated guilty plea with regard to charges and sentence. Maragh was sentenced, on the above-stated offenses, to an agreed-upon 9½ to 20 year term of incarceration.[6] On April 26, 2013, counsel filed a petition to withdraw Maragh's guilty plea claiming that Maragh contacted her expressing a desire to withdraw his plea and requesting that the court schedule a hearing on the motion. The court held a hearing on Maragh's motion on September 13, 2013. At the hearing, Maragh insisted that he was innocent and that he had disagreed with plea counsel's strategy. The court denied Maragh's motion. No direct appeal was filed.

On March 25, 2014, appellate counsel filed a timely[7] petition, pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking reinstatement of Maragh's appellate rights *nunc pro tunc* due to plea/sentencing counsel's failure to perfect a requested direct appeal. On March 17, 2015, the court reinstated Maragh's appellate rights *nunc pro tunc*. This timely appeal, in which counsel seeks to withdraw, follows.

In order for counsel to withdraw from an appeal pursuant to **Anders**, certain requirements must be met, and counsel must:

---

[6] No further penalty was imposed on the PIC charge.

[7] For purposes of the PCRA, Maragh's judgment of sentence became final on October 13, 2013, when the time expired for him to file a direct appeal. Therefore, Maragh had until October 13, 2014 to file a timely PCRA petition.

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citing *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)).

Counsel has complied with the dictates of *Anders*, *Daniels*, and *Santiago* by providing a summary of the procedural history and facts of the case, referring to anything in the record that she believes arguably supports the appeal, setting forth her conclusion that the appeal is frivolous, and stating her reasons for concluding that the appeal is frivolous.

Counsel points out in her *Anders* brief that because Maragh entered a negotiated guilty plea, he is effectively limited in the issues he can raise on appeal. We agree. It is well settled that "a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991). *See Commonwealth v. Moyer*, 444 A.2d 101 (Pa. 1982); *Commonwealth v. Coles*, 530 A.2d 453 (Pa. Super. 1987).

In his December 15, 2015 response to counsel's **Anders** brief, Maragh attaches an affidavit prepared by co-defendant Hayes, claiming that Hayes was the perpetrator of the crimes for which Maragh was convicted. In that affidavit, Hayes states, in part, "Donald Maragh should not be in prison for a crime he didn't commit, but it[']s my fault, and it[']s been bothering me this whole time." Affidavit of Armand D. Hayes, 5/14/14. Maragh now presents an after-discovered evidence claim based on Hayes' affidavit and argues that counsel should not be permitted to withdraw because she is required to advance this argument on appeal for him.

Counsel, on the other hand, notified Maragh that the affidavit would not help him on direct appeal because her duty as an appellate attorney is to "look for legal errors that were done at trial and at sentencing . . . and [any error] that may have been done during pre-trial litigation. Therefore, the affidavit was not presented as evidence and cannot be presented in your direct appeal." Letter from Jennifer A. Santiago, Esquire, to Donald Maragh, 11/24/14, at 1.

Counsel is incorrect in stating that a claim of after-discovered evidence cannot be advanced on appeal. Pursuant to Pa.R.Crim.P. 720(C), "[a] post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after such discovery." Additionally, after-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process. **See** Pa.R.Crim.P. 720, Notes (Miscellaneous); **see also Commonwealth v. Perrin**, 108 A.3d 50

(Pa. Super. 2015) (after-discovered evidence discovered during direct appeal process must be raised promptly during direct appeal process and should include request for remand to trial judge).

Here, Maragh's claim of after-discovered evidence, which essentially amounts to impeachment evidence, goes to the validity of his plea. Therefore, we may review his claim on appeal. ***Reichle***, ***supra***. To justify granting a new trial on the basis of after-discovered evidence, the evidence must have been discovered after the trial and must be such that it could not have been obtained at the trial by reasonable diligence, must not be cumulative or merely impeach credibility, and must be such as would likely compel a different result. ***Commonwealth v. Peoples***, 319 A.2d 679, 681 (Pa. 1974).

At the motion to withdraw hearing, plea counsel testified that there was a letter, purportedly written by Hayes while Maragh was incarcerated, retracting any statement Hayes had made implicating Maragh as a participant in the shooting. N.T. Plea Withdrawal Hearing, 9/13/13, at 22-23. However, when counsel spoke to Hayes, he denied that Maragh was innocent and actually informed counsel that he was going to testify for the Commonwealth should Maragh go to trial. ***Id.*** at 23. Maragh testified at the hearing that he knew about the alleged exculpatory evidence *prior* to the entry of his plea, ***Peoples***, ***supra***, that he wanted a handwriting expert to analyze the letters to show that Haynes had written them, and that counsel

did not comply with his requests.  N.T. Plea Withdrawal Hearing, 9/13/13, at 21-23.

A review of the record does not indicate that Maragh was either coerced into pleading guilty or induced to lie to the trial court.  At his guilty plea hearing, Maragh admitted that he was involved in a conspiracy where Hayes operated a car in which he was a passenger, that Hayes's car pursued the victim's car, and, that while Haynes drove the car, Maragh shot out of the car's window at the victim and ultimately struck him in the leg.  N.T. Guilty Plea, 4/16/13, at 20-21.   Maragh told the court that he discussed the plea agreement with his lawyer prior signing it, that he had enough time to talk it over with his attorney, that he was satisfied with his lawyer's representation in the case, that he knew he had the right to go to trial, and that he was entering the plea of his own free which included giving up the presumption of innocence.  *Id.* at 9-11.

Moreover, Maragh entered into a negotiated written agreement that took a charge of attempted murder off the table.  *See Commonwealth v. Stork*, 737 A.2d 789, 791 (Pa. Super. 1999) (desire of an accused to benefit from plea bargain is strong indicator of voluntariness of plea).   Finally, Maragh is prohibited from challenging his guilty plea by asserting that he lied while under oath.  *See Commonwealth v. Pollard*, 832 A.2d 517 (Pa. Super. 2003); *see also Commonwealth v. Lewis*, 708 A.2d 497, 502 (Pa. Super. 1988) ("[a] defendant is bound by the statements which he makes

during his plea colloquy [and] he may not assert grounds for withdrawing the plea that contradict statements made when he pled.")

Accordingly, we conclude that the court properly determined that Maragh's guilty plea was knowing and voluntary and that he is not entitled to relief on his after-discovered evidence claim. We agree with counsel that the appeal is wholly frivolous and that Maragh's sentence should be affirmed on appeal.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.[8]

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2016

_____

[8] Even if the alleged evidence had been discovered *after* Maragh was sentenced and he was permitted to withdraw his plea and proceed to trial, the evidence would not have likely compelled a different result, **Peoples**, **supra**, as there was overwhelming eyewitness and physical evidence implicating Maragh as the individual who shot at the victim.