J-A02010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TODD DWAYNE DAWSON, JR. | |
| Appellant | No. 687 MDA 2015 |

Appeal from the Judgment of Sentence September 2, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002474-2013

BEFORE:  PANELLA, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 06, 2016**

Appellant, Todd Dwayne Dawson, Jr., appeals from the judgment of sentence entered September 2, 2014, in the Court of Common Pleas of Berks County, following his conviction of two counts of robbery,[1] two counts of conspiracy to commit robbery,[2] burglary,[3] and conspiracy to commit burglary. Additionally, Appellant has filed a "Request for a Remand to the Trial Court to Consider Application for a New Trial Based on After Discovered Evidence Pursuant to Pa.R.Cr.P. 720(C)" ("Motion for Remand"). After

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii), (iv).
[2] 18 Pa.C.S.A. § 903(a)(1).
[3] 18 Pa.C.S.A. § 3502(a).

review, we grant Appellant's request and remand the case for a hearing on Appellant's after-discovered evidence claim.

We summarize the facts adduced at the jury trial as follows. In March 2012, Justin Hall, Alex Dephilipo, and Joseph Wooding shared an apartment located at 602 Briar Circle South located in Kutztown, Pennsylvania. At the time, the roommates were students at Kutztown University. On the evening of March 30, 2012, Hall observed through a second floor window a group of six men gathered at the outside stoop to the apartment. He recognized one of the individuals as Christopher Biney, whom he had previously met at orientation.

Shortly thereafter, Hall heard a downstairs window being forced open and the sounds of an individual entering the apartment through that window. After Hall unsuccessfully attempted to warn his roommates of the intruders, he locked himself in his bedroom. A few moments later, Hall heard what sounded like someone being hit in the stairwell and then heard someone attempting to force open the bedroom door. At this point, Hall jumped out of his bedroom window and ran to a friend's house.

When Hall returned to the apartment approximately 45 minutes later, he observed that his roommates, Wooding and Dephilipo had sustained minor cuts and swelling to their faces during the robbery. The roommates soon discovered that an Xbox (a video game console), three laptops, a cell phone and multiple marijuana plants were missing from the apartment.

Christopher Biney was subsequently arrested for his suspected involvement in the robbery. Although Biney initially failed to identify any other participants, he later indicated to police that Appellant, Jesse Thomas, Anthony Battle and Kali Smith were also involved in the robbery. Co-conspirator Anthony Battle also gave a statement to police implicating Appellant's involvement in the robbery.

Based upon Biney and Battle's statements to police, Appellant was charged with multiple counts of robbery, burglary, and conspiracy. At the jury trial conducted on August 6, 7, and 8, 2014, neither Hall nor his roommates were able to identify the perpetrators of the robbery. Biney and Battle both testified to Appellant's involvement consistent with their prior statements to police. The jury ultimately convicted Appellant of the above-mentioned charges.

On September 2, 2014, the trial court sentenced Appellant to an aggregate term of 4½ to 12 years' imprisonment. Appellant subsequently filed an untimely *pro se* notice of appeal, which this Court quashed. Appellant then filed a motion to reinstate his direct appeal rights *nunc pro tunc*, which the trial court granted. This timely appeal followed.

On May 22, 2015, during the pendency of his direct appeal, Appellant filed a Motion for Remand based upon after-discovered evidence. Appellant asserted in the motion that on May 18, 2015, he received from Kali Smith's counsel a notarized statement from co-conspirator Anthony Battle in which Battle recants his testimony implicating Appellant and Smith in the robbery

of 602 Briar Circle South.[4] In the statement attached to Appellant's motion, Battle states that while incarcerated, he and Christopher Biney concocted a plan to place the blame for the robbery on Appellant and Smith in an effort to get less time for themselves. Battle further asserted that he had a copy of Christopher Biney's statement implicating Appellant in the robbery when he was interviewed by the Kutztown Police Department and that he read that statement as if it were his own. Battle maintained that Appellant and Smith were innocent of the crimes for which they were convicted. Appellant now argues that this information constitutes after-discovered evidence warranting a new trial.

Pennsylvania Rule of Criminal Procedure 720(C) provides that "[a] post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after such discovery." The comment to this rule indicates that "after-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge[.]" *Id. Comment*.

Whether a petitioner is entitled to a new trial must be made by the trial court at an evidentiary hearing. *See Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010). At the evidentiary hearing, it is the

---

[4] The statement was notarized on November 4, 2014, several months after Appellant's judgment of sentence was entered.

petitioner's burden to prove, by a preponderance of the evidence, that the evidence (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. ***See***, ***e.g.***, ***Commonwealth v. Pagan***, 950 A.2d 270, 292 (Pa. 2008).

In ***Commonwealth v. Castro***, 93 A.3d 818 (Pa. 2014), our Supreme Court addressed whether a petitioner may "meet the test for after-discovered evidence where [he] proffers no evidence, but instead relies on a newspaper article." ***Castro***, 93 A.3d at 824. Concluding that a newspaper article is not evidence but is rather "a collection of allegations that suggest such evidence may exist," ***id***. at 825, the Supreme Court offered the following guidance in connection with this Court's consideration of a Rule 720 motion:

> We decline to impose a strict requirement that the proponent of a Rule 720 motion attach affidavits or other offers of proof; the rule does not contain express language requiring this, in contrast to the rules pertaining to PCRA petitions. However, we hold a motion must, at the very least, describe the evidence that will be presented at the hearing. Simply relying on conclusory accusations made by another, without more, is insufficient to warrant a hearing.... Absent identification of the actual testimony, physical evidence, documentation, or other type of evidence to support the allegations of [the officer's] wrongdoing, we cannot conclude appellee had evidence to offer; to conclude otherwise would be speculation.

***Id***. at 827.

Here, Appellant was not alerted to Battle's recantation statement until March 18, 2015, well after the conclusion of trial. We are therefore satisfied that Appellant has met the first prong of the after-discovered evidence test. We further find that the evidence is not cumulative or corroborative, as Biney and Battle's statements at trial implicated Appellant in the robbery. Thus, the second prong is met.

Regarding the remaining prongs of the test, we are guided by this Court's decision in *Commonwealth v. Perrin*, 108 A.3d 50 (Pa. Super. 2015), which the panel considered on remand from the Pennsylvania Supreme Court in light of *Castro*. The appellant in *Perrin* was convicted of aggravated assault, robbery and related charges based primarily upon the testimony of Lynwood Perry, who informed the jury that Appellant had joined him and another individual in committing the robbery. *See id*. at 51. While appellant's direct appeal was pending, the District Attorney's office forwarded to appellant's counsel a communication from the FBI, which summarized an interview with a cellmate who had been incarcerated with Perry. *See id*. The cellmate stated Perry had indicated that he falsely testified against Appellant because "someone had to 'go down' for it," but that Appellant was not actually involved in the crime. *Id*.

Given that the victim had prevaricated in his identification of the appellant, the panel found significant the evidence that the key witness at trial admitted that he had perjured himself and that the appellant had nothing to do with the crime. *See id*. at 53. The panel quoted from its

- 6 -

original decision, acknowledging that it did "not know at that point the extent of the statements against his interest that Perry made to [his cellmate], or how much the evidence will point towards impeachment of Perry versus exculpation of Appellant." *Id*. (citation omitted). Nonetheless, the panel ultimately concluded that because the evidence pointed toward Appellant's innocence it was "appropriate to remand the case to allow Appellant to flesh-out his claim for a new trial before the trial court." *Id*.

We find the panel's reasoning in **Perrin** applies equally to the instant case. Here, none of the victims identified Appellant as a participant in the robbery. The sole evidence of Appellant's participation in the robbery consisted of Battle and Biney's testimony at trial—testimony that Battle's recantation now calls into serious doubt. The proof of the after-discovered evidence at issue is a notarized statement of an indicted co-conspirator admitting that he colluded with another co-conspirator, who also testified adversely to the Appellant at trial, to falsely implicate Appellant in the robbery. This evidence of Appellant's innocence is decidedly more substantial than the unsubstantiated newspaper article the Supreme Court found insufficient in **Castro**. We find that, at the very least, Appellant should be afforded the opportunity to raise his after-discovered evidence claim at a hearing before the trial court.

Accordingly, we grant Appellant's motion for remand and remand this case for an evidentiary hearing to determine whether a new trial based upon the after-discovered evidence is warranted. If the trial court determines that

a new trial is not warranted, Dawson may file another appeal, which shall be treated as a direct appeal from his judgment of sentence.

Motion for Remand is granted. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2016