J-S14034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONTEZ PERRIN | : | |
| | : | |
| Appellant | : | No. 11 EDA 2018 |

Appeal from the Order December 12, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003284-2008

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                **FILED APRIL 23, 2019**

Dontez Perrin (Perrin) appeals from the December 12, 2017 order of the

Court of Common Pleas of Philadelphia (trial court) denying his motion for a

new trial.[1]  For the following reasons, we vacate and remand.

We take the following pertinent facts and procedural history from our

review of the certified record.  At trial, Lynwood Perry (Perry) testified that

he, Perrin and Amir Jackson (Jackson) robbed the victim, Rodney Thompson

(Thompson).  Perry admitted that he was testifying for the Commonwealth

pursuant to a deal with the federal government that he would receive a lighter

---

[1] The court incorrectly identified its order as being under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  However, as explained above, this was an order denying a timely filed motion during his direct appeal pursuant to Pennsylvania Rule of Criminal Procedure 720(C).

---

\*   Retired Senior Judge assigned to the Superior Court.

sentence for federal charges arising from this and other robberies in which he participated if he cooperated with the prosecution. Thompson also testified, stating that he knew Perry and Jackson prior to the robbery, but he gave conflicting descriptions of the third attacker and failed to identify Perrin consistently. On September 13, 2010, a jury convicted Perrin of Aggravated Assault, 18 Pa.C.S. § 2702(a); Robbery, 18 Pa.C.S. § 3701(a); and related crimes.[2] The trial court sentenced him on November 10, 2010, to an aggregate term of incarceration of not less than five nor more than ten years.

Perrin appealed *nunc pro tunc* on April 29, 2011. On June 6, 2011, while his appeal was pending, the District Attorney's Office forwarded a letter from the FBI to Perrin's counsel. The document contained FBI Special Agent Joseph Majarowitz's summary of a May 9, 2011 interview with Curtis Brown (Brown), Perry's prison cellmate. Brown said that when Perry talked about testifying in Perrin's case, he indicated that he testified that Perrin was involved because "someone had to 'go down' for it," but that actually he was not guilty. (FBI Form FD-302, 5/18/11).

---

[2] Specifically, in addition to Aggravated Assault and Robbery, the jury convicted him of Recklessly Endangering Another Person, Criminal Conspiracy, Possession of an Instrument of Crime, Firearms not to be Carried Without a License, Possession of a Firearm by a Minor, and Receiving Stolen Property, pursuant to 18 Pa.C.S. §§ 2705, 903(a)(1), 907(a), 6106(a)(1), 6110.1(c), and 3925(a), respectively.

Based on the letter, Perrin petitioned this Court, seeking either to remand the case for a new trial or to enable him to pursue an after-discovered evidence petition with the trial court.[3] This Court granted the petition for remand on January 12, 2013, and our Supreme Court vacated that decision and remanded for our reconsideration in light of its holding in **Commonwealth v. Castro**, 93 A.3d 818 (Pa. 2014).[4] On reconsideration, we found that **Castro** did not affect our disposition because "[Perrin's] petition for remand clearly state[d] that, if granted an evidentiary hearing, he [would] call [] Perry and [] Brown, as well as FBI Special Agent [] Majarowitz, as witnesses to offer exculpatory evidence that establish[es] that a different

_____

[3] Pursuant to the comment to Pennsylvania Rule of Criminal Procedure 720:

> Unlike ineffective counsel claims, which are the subject of **Commonwealth v. Grant**, 572 Pa. 48, 813 A.2d 726 (2002), paragraph (C) requires that any claim of after-discovered evidence must be raised promptly after its discovery. Accordingly, after-discovered evidence discovered during the post-sentence stage must be raised promptly with the trial judge at the post-sentence stage; after-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge; and after-discovered evidence discovered after completion of the direct appeal process should be raised in the context of the PCRA. **See** 42 Pa.C.S. § 9545(b)(1)(ii) and (b)(2).

Pa.R.Crim.P. 720(C), Comment.

[4] The **Castro** Court held that "a [Rule 720] motion must, at the very least, describe the evidence that will be presented at the hearing. Simply relying on conclusory accusations made by another, without more, is insufficient to warrant a hearing." **Castro**, **supra** at 598 (footnote omitted).

result would obtain if [he was] granted a new trial." (***Commonwealth v. Perrin***, 108 A.3d 50, 54 (Pa. Super. 2015)). Therefore, we again remanded to the trial court for it to conduct an evidentiary hearing to allow Perrin to present this after-discovered evidence to enable the trial court to determine whether it warranted a new trial.

In order to obtain relief on after-discovered evidence, Perrin was required to establish at the hearing, by a preponderance of the evidence, that the evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) **will not be used solely to impeach the credibility of a witness**; and (4) **would likely result in a different verdict if a new trial were granted**.

***Commonwealth v. Montalvo***, 986 A.2d 84, 109 (Pa. 2009), *cert. denied*, 562 U.S. 857 (2010) (citation omitted; emphasis added).[5]

At the evidentiary hearing, Perrin presented the testimony of Special Agent Majarowitz and Brown, but not Perry. Special Agent Majarowitz testified that Brown was a cooperating witness against his co-defendants who committed armed robberies of Philadelphia area pharmacies. He testified that in an interview prior to trial, Brown told him that Perry, his cellmate, stated

---

[5] "Recantation testimony is one of the least reliable forms of proof, particularly when it constitutes an admission of perjury." ***Commonwealth v. Padillas***, 997 A.2d 356, 366 (Pa. Super. 2010), *appeal denied*, 14 A.3d 826 (Pa. 2010). (citation and internal quotation marks omitted).

that he lied about Perrin's involvement in the robbery for which he was convicted. Special Agent Majarowitz passed this information along to an FBI agent and federal prosecutor. He also stated that Brown did not receive any additional benefit at his own sentencing for the information about Perry.

Brown testified at the hearing that he did not know Perrin but was cellmates with Perry for about two months at the Federal Detention Center in Philadelphia. He testified that Perry told him that he lied on the stand about Perrin's involvement because he was hoping to get a more lenient sentence. Brown testified that he only told Special Agent Majarowitz about Perry because he felt it was the right thing to do, not because he believed that he had to do so to get sentencing consideration in his case.

The trial court denied Perrin's motion for a new trial, explaining that, because Perrin failed to present Perry to testify that he had lied on the stand, the testimony of Brown and Special Agent Majarowitz was hearsay that Perrin only could use to impeach Perry's credibility, a purpose prohibited by Pennsylvania precedent. (**See** N.T. Hearing, 8/25/17, at 6-52; N.T. Hearing, 11/02/17, at 31; Order, 12/12/17). The trial court also stated that "[it was] unable to find that [Perrin] has been able to get through the four prong test as [he is] without the appearance of . . . Perry where [he] would have to . . . either admit that he lied, either go through cross-examination, some explanation, or somehow deny that . . . Brown ever heard what he said that he heard." (N.T. Hearing, 11/02/17, at 31; **see also** N.T. Hearing, 12/12/17,

at 4 (trial court explaining that "[it] had no authority to make a finding that Mr. Perrin should prevail on the petition" because Perry did not testify at the hearing)). Perrin timely appealed.[6, 7]

Perrin contends that the trial court erred in finding that, to meet the standard for after-discovered evidence, Perry would have to testify. Even though Perry did not testify, he contends that he is entitled to a new trial because, although Brown's proffered testimony is hearsay, it is admissible evidence for the truth of the matter asserted, *i.e.*, that Perry stated that he lied in his testimony implicating Perrin. **See** Pa.R.E. 801(c). Because Perrin contends that is admissible evidence, he maintains that if the trial court finds Brown's testimony to be credible, he has established that he is entitled to a new trial.

---

[6] Our standard of a review of this matter is for an abuse of discretion. **See Commonwealth v. McCracken**, 659 A.2d 541, 545 (Pa. 1995) ("[A]n appellate court may not interfere with the denial or granting of a new trial where the sole ground is the alleged recantation of state witnesses unless there has been a clear abuse of discretion.") (citation and internal quotation marks omitted).

[7] On May 22, 2018, this Court received a letter from the trial court advising that the trial judge is no longer with the court, but that we could find the reasons for his decision in the transcripts from the November 2 and December 12, 2017 hearings. Not only do we not have the benefit of the trial court opinion, the Commonwealth has not filed a brief in this matter in spite of receiving three extensions of time within which to do so.

The question then is whether Brown's testimony is admissible hearsay under Pennsylvania Rule of Evidence 804(b). In relevant part, the Rule provides:

> (b) The Exceptions. The following are not excluded by the rule against hearsay if the **declarant is unavailable as a witness:**
>
> \* \* \*
>
> (3) Statement Against Interest. A statement that:
>
> (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else **or to expose the declarant to civil or criminal liability; and**
>
> (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case **as one that tends to expose the declarant to criminal liability.** (Emphasis added.)

Pa.R.E. 804(b)(3).

Based on the foregoing, Perry's statement to Brown certainly would be a statement against interest that could be introduced for the truth of the matter asserted. It would expose him to criminal liability for perjury, and the context in which it was made would lead a reasonable person to believe that the statement would not have been made if it were not true. **See Commonwealth v. Brown**, 52 A.3d 1139, 1181-82 (Pa. 2012). However, this statement would only be admissible if Perry was "unavailable" to testify.

Regarding the unavailability of a witness, Pennsylvania Rule of Evidence 804 provides, in pertinent part, as follows:

(a)   *Criteria for Being Unavailable.*  A declarant is considered to be unavailable as a witness if the declarant:

(1)   **is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies;**

(2)   refuses to testify about the subject matter despite a court order to do so;

\*   \*   \*

(5)   is absent from the trial or hearing and the statement's proponent has not been able, **by process or other reasonable means**, to procure:

(A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6); or

(B) the declarant's attendance or testimony, in the case of a hearsay exception under Rule 804(b)(2), (3), or (4).

Pa.R.E. 804(a)(1), (2), (5) (emphasis added).

In this case, Perry refused to go to the video screen in the prison to testify at the hearing on Perrin's motion for a new trial.  Even though Perrin failed to subpoena Perry or request a court order for him to testify, the certified record reflects that both Perrin and the Commonwealth made ongoing attempts to secure his testimony and arranged for him to testify from prison by video.  (***See, e.g.***, Docket Entry, 4/16/15 (granting continuance to allow Commonwealth to bring witness from federal custody); Docket Entry, 1/18/17

(assigning case to trial judge and observing Commonwealth needs witness via video)).

Based on our review of the record, we conclude that Perrin was unable to procure Perry's attendance through "reasonable means," and Perry was "unavailable" within the meaning of Pa.R.E. 804. *See Commonwealth v. Nelson*, 652 A.2d 396, 398 (Pa. Super. 1995) (holding that the Commonwealth made a good faith effort to produce live testimony where it called and questioned a witness who "steadfastly refused to answer any questions or to read any prior statements to refresh his recollection"); *Commonwealth v. Melson*, 637 A.2d 633, 637 (Pa. Super. 1994) (stating that "[t]he test for availability under the Sixth Amendment is broad: a witness is unavailable if the prosecution has made a good faith effort to introduce its evidence through the live testimony of the witness and, through no fault of its own, is prevented from doing so") (citation omitted).

Therefore, we vacate the court's order denying Perrin's motion for a new trial and remand for the determination of whether Brown's testimony was credible so as to justify a new trial. We note that the original trial court judge who decided Perrin's claim is no longer sitting. Hence, on remand, we direct the jurist appointed to handle this matter to hold a hearing at which Perrin shall present his witnesses again so that the trial court need not rely on a cold record to make its credibility determinations. *See Commonwealth v. Sharaif*, ___ A.3d ___, 2019 WL 1088565, at *3 (Pa. Super. Mar. 8, 2019)

(remanding for a new suppression hearing where the trial judge failed to make appropriate findings of fact and conclusions of law **and** the trial judge was no longer on the bench).

Order Vacated.  Case Remanded.  Jurisdiction Relinquished.

Judge Lazarus joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/19