J-S20008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEOVANNY MANUEL GUZMAN-CRUZ | : | |
| | : | |
| Appellant | : | No. 1227 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 8, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001154-2021

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:            **FILED: SEPTEMBER 30, 2024**

Appellant, Geovanny Manuel Guzman-Cruz, appeals from the judgment of sentence entered on June 8, 2023, as made final by the denial of Appellant's post-sentence motion on August 4, 2023.  Upon careful consideration, we remand for further proceedings consistent with this memorandum.

The Commonwealth charged Appellant with rape of a child and related crimes.  During Appellant's jury trial, the victim, F.F. ("the Victim"), testified that in the year 2020 she was 12 years old and Appellant was her mother's live-in boyfriend.  N.T. Trial, 3/8-10/23, at 138.  The Victim testified that, on July 21, 2020, she was alone with Appellant in the house when Appellant pushed her onto a bed and inserted his penis into her vagina.  ***Id.*** at 140-141 and 145.  She testified that this caused her pain and bleeding and, when

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant stopped, he told her that he would kill her mother if she told anyone. *Id.* at 142-143.

The Victim testified that her mother kicked Appellant out of the house in November 2020, after Appellant "sliced [her] mom's eyebrow." *Id.* at 165-166. The Victim eventually told her mother about the rape in February 2021 and, that day, the Victim and her mother informed the police. *Id.* at 120-121 and 186.

During trial, Appellant denied raping the Victim and testified that he never "touch[ed] her inappropriately." *Id.* at 291. Further, Appellant testified that, while he lived in the mother's house, he was never alone with the Victim. *Id.* at 301-302.

At the conclusion of the trial, the jury found Appellant guilty of: rape of a child, indecent assault, corruption of minors, unlawful contact with a minor, and endangering the welfare of a child.[1] On June 8, 2023, the trial court sentenced Appellant to serve an aggregate term of 15 to 40 years in prison for his convictions. N.T. Sentencing, 6/8/23, at 11-12. Following the denial of Appellant's post-sentence motion, Appellant filed a timely notice of appeal.

On November 2, 2023, while Appellant's direct appeal was pending before this Court, Appellant filed an application for remand, based upon a

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3126(a)(7), 6301(a)(1)(i), 6318(a)(1), and 4304(a)(1), respectively.

claim of after-discovered evidence. Within Appellant's application, Appellant's current attorney ("Appellate Counsel") averred the following:

> On October 11, 2023, [Appellate Counsel] received a hand-written letter and video from [the Victim].
>
> On October 23, 2023, Diana Kelleher, Esquire, an assistant public defender, emailed [Appellate Counsel] to inform him that the [Victim] came to the Lancaster County Public Defender's Office to tell them that [Appellant] did not commit the offenses alleged in this matter and that [the Victim's] mother forced her to give false testimony.
>
> On October 23, 2023, [Appellant's] trial attorney [("Trial Counsel")], called [Appellate Counsel] to inform him that the [Victim] came into his office and recanted her trial testimony and further told [Trial Counsel] that her mother forced her to give false testimony.

Appellant's Application for Remand, 11/2/23, at 1-3 (citations and paragraph numbering omitted).

Appellate Counsel attached an unsigned, unsworn, handwritten letter that Appellate Counsel attested was from the Victim, declaring:

> the information that I gave in the court was fully false. . . . When [my mother] and Luis said that I bled through the dress because he [raped] me that was false. I was bleeding cause I had one of my first period[s] and at that time I didn't know what a period was.

*Id.* at Exhibit 1.

Appellant requested that we remand this case to the trial court, so the trial court may conduct an evidentiary hearing on his after-discovered evidence claim, in accordance with Pennsylvania Rule of Criminal Procedure 720. *Id.* at 2.

Pennsylvania Rule of Criminal Procedure 720(C) provides that "[a] post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after such discovery." Pa.R.Crim.P. 720(C). The comment to Rule 720 states: "after-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge." Pa.R.Crim.P. 720, cmt.

As our Supreme Court has explained, "the test for whether a new trial is warranted on the basis of after-discovered evidence is settled." *Commonwealth v. Castro*, 93 A.3d 818, 825 (Pa. 2014).

> To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely.

*Commonwealth v. Rivera*, 939 A.2d 355, 359 (Pa. Super. 2007).[2]

---

[2] Moreover, because Appellant raises his after-discovered evidence claim for the first time on direct appeal, we may not evaluate whether his claim actually meets the four-part test for after-discovered evidence. Instead, "procedure demands that the [trial] court develop the record and [determine whether a new trial is warranted] in the first instance." *Rivera*, 939 A.2d at 359, *citing* Pa.R.A.P. 302(a). "At an evidentiary hearing, an appellant must show by a preponderance of the evidence that each of [the four] factors has been met in order for a new trial to be warranted." *Id.*

Further, to warrant relief in the form of a new trial, "the proposed new evidence must be 'producible and admissible.'" *Castro*, 93 A.3d at 825, *quoting* **Commonwealth v. Smith**, 540 A.2d 246, 263 (Pa. 1988).

With respect to the quantum of pleading required to support a Rule 720 motion, our Supreme Court has held:

> We decline to impose a strict requirement that the proponent of a Rule 720 motion attach affidavits or other offers of proof; the rule does not contain express language requiring this, in contrast to the rules pertaining to PCRA petitions. However, we hold a motion must, at the very least, describe the evidence that will be presented at the hearing. Simply relying on conclusory accusations made by another, without more, is insufficient to warrant a hearing.
>
> Indeed, the hearing is for the presentation of evidence, not the potential discovery of evidence. "An evidentiary hearing . . . is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim." **Commonwealth v. Scott**, 752 A.2d 871, 877 n.8 (Pa. 2000). While Rule 720's comment explains the rule requires a motion for after-discovered evidence be filed promptly upon the discovery of such evidence, there must be actual discovery of actual evidence, not merely the possibility of such evidence. The relevant motion is not to serve as a preemptive means of securing a hearing that will itself comprise the investigation. [A movant] need[s] to do more than present a[ newspaper] article "pointing to" allegations that if true have the potential to aid his cause; he need[s] to clearly articulate in his motion what evidence he would present to meet the test.

*Castro*, 93 A.3d at 827-828 (footnotes, brackets, and parentheticals omitted).

Here, Appellant followed the proper procedure for asserting his after-discovered evidence claim during the pendency of his direct appeal. **See** Pa.R.Crim.P. 720, cmt. Moreover, Appellant explained the substance of the

proffered testimony and included a written statement from the Victim to support his claim, where the Victim specifically recanted her trial testimony against Appellant. Since Appellant "clearly articulate[d] in his motion what evidence he would present" during the hearing, Appellant met the *prima facie* pleading requirements for an evidentiary hearing under Rule 720. **See Castro**, 93 A.3d at 827-828.[3] Thus, we remand this case to the trial court for an evidentiary hearing to determine whether Appellant has proven, by a

_____

[3] Our conclusion is further bolstered by **Commonwealth v. Perrin**, 108 A.3d 50 (Pa. Super. 2015). In **Perrin**, the defendant's convictions were "based primarily upon the testimony of Lynwood Perry [("Perry")], who informed the jury that [the defendant] had joined him and [another person] in committing the robbery of the victim." **Perrin**, 108 A.3d at 51. While the defendant's direct appeal was pending before this Court, his counsel received an FBI summary of an interview with Perry's cellmate. As the FBI summary declared, Perry's cellmate stated that "Perry spoke of testifying at trial in a state court case against [the defendant]. Perry indicated that he testified that [the defendant] was involved in the robbery because 'someone had to "go down" for it,' but that [the defendant] was not actually involved in the crime." **Id.** The defendant's counsel then filed an application for remand, pursuant to Rule 720(C), based upon this alleged after-discovered evidence.

In **Perrin**, we held that the defendant's allegations were sufficient to warrant an evidentiary hearing on his after-discovered evidence claim because: "[t]he proof of after-discovered evidence at issue offered in the instant case is a document generated by an FBI agent detailing a conversation in which Perry admitted that [the defendant] did not participate in the crimes for which he was convicted" and "[the defendant] described the evidence he will offer at the hearing with sufficient specificity to satisfy our Supreme Court's requirements" in **Castro**. **Id.** at 53-54; **see also Commonwealth v. Miller**, 172 A.3d 632, 650-651 (Pa. Super. 2017) (the defendant was entitled to a remand, so that he could present his after-discovered evidence claim to the trial court, where, during the pendency of his direct appeal, his attorney received letters from two new alleged eyewitnesses to the assault, where they indicated that the defendant was defending himself from the alleged victim).

preponderance of the evidence, that he is entitled to a new trial. Because our remand requires the trial court to conduct further proceedings, thus giving it an opportunity to render a new decision, the trial court's ultimate determination will result in a new, appealable order.

Appellant's Application for Remand granted. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/30/2024