J-S09026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONTEZ PERRIN | : | |
| | : | |
| Appellant | : | No. 1642 EDA 2020 |

Appeal from the Order Entered August 18, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003284-2008

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:           **FILED: JUNE 4, 2021**

Appellant, Dontez Perrin, appeals from the August 18, 2020, order entered in the Philadelphia County Court of Common Pleas, denying his motion for a new trial. Appellant's motion was first raised in 2011, and this matter now comes before this Court a fourth time.[1] Most recently, another panel of this Court remanded for the trial judge, who was newly appointed to this case, to "hold a hearing at which [Appellant] shall present his witnesses again so that the trial court need not rely on a cold record to make its credibility determinations." **Perrin III**, 11 EDA 2018 (unpub. memo. at 9). Rather than

---

[1] **See Commonwealth v. Perrin**, 11 EDA 2018 (unpub. memo. at 9) (Pa. Super. Apr. 23, 2019) ("**Perrin III**"); **Commonwealth v. Perrin**, 108 A.3d 50 (Pa. Super. 2015) ("**Perrin II**"); **Commonwealth v. Perrin**, 59 A.3d 663 (Pa. Super. 2013) ("**Perrin I**"), *vacated & remanded* (*per curiam* order) (Pa. 2014).

present any witnesses, however, Appellant and the Philadelphia District Attorney's Office's Conviction Integrity Unit filed a joint memorandum of law and stipulations of fact, stipulating not only as to what Appellant's witnesses would testify, but also that the witnesses were credible. The trial court declined to accept the joint stipulations and denied Appellant's motion for a new trial. On appeal, Appellant contends the court erred in not accepting the joint stipulations — an argument joined by the Commonwealth. We affirm.

This Court previously summarized the underlying facts:[2]

> At approximately 7:00 P.M. on November 14, 2007, Rodney Thompson [(Victim)] delivered a pizza to [an] apartment[.] When the door to the apartment opened, [Victim] was greeted by two armed men whose faces were mostly covered. [Victim] recognized both men, later identified as Lynwood Perry and Amir Jackson, from seeing them in or around the pizza shop. A third man, whom [Victim] had not seen before, came up behind [Victim] and pushed him through the door, placing what felt like a gun against the back of [Victim's] head. Perry and Jackson took the cash from [Victim's] pockets; Jackson hit [Victim] in the head with his gun; and then the third man helped [Victim] to his feet and instructed him to leave.

*Perrin I*, 59 A.3d at 664.

The following day, Victim viewed a photo array and identified Perry, Jackson, and Appellant as the perpetrators of the robbery. *Perrin I*, 59 A.3d at 664. "Appellant, who is 6'2" tall and weighs 260 pounds, was arrested the next day sporting a full beard." *Id.*

---

[2] Appellant was a minor, aged 17 years and six months, at the time of the incident.

Approximately four months later, on March 11, 2008, Victim attended a line-up. Prior to viewing the line-up, Victim,

> who is 6' tall, described the third [robber] as . . . between 5'8" and 5'10" tall, weighing between 140 and 155 pounds, and having no facial hair. [Victim] selected an individual other than Appellant from the lineup.

***Perrin I***, 59 A.3d at 664.

Appellant was charged with conspiracy, aggravated assault, robbery,[3] and related offenses. This case proceeded to a bench trial on September 9, 2010. The Commonwealth presented two witnesses: Victim and Perry, who both testified Appellant was the third person involved in the robbery. ***Perrin I***, 59 A.3d at 664.

> Perry acknowledged that he was testifying for the Commonwealth pursuant to a deal with the federal government, by which he could receive a significantly lighter sentence for federal charges stemming from his participation in the instant and other robberies[.] Perry testified [that on the day of the robbery,] Jackson called to order the pizza, and Jackson and Perry went to wait in [the apartment] while Appellant went upstairs. Perry's remaining account of the robbery was substantially similar to [Victim's].

***Id.*** at 664-65. Appellant did not testify or present any evidence.

The trial court found Appellant guilty of conspiracy, aggravated assault, robbery, possessing instruments of crime, simple assault, recklessly endangering another person, receiving stolen property, firearms not to be

---

[3] 18 Pa.C.S. §§ 903(a)(1), 2702(a), 3701(a)(1).

carried without a license, and possession of firearm by minor.[4]  On November 16, 2010, the trial court imposed an aggregate sentence of five to 10 years' imprisonment.

We now set forth the relevant procedural history in detail.  Following the reinstatement of his direct appeal rights *nunc pro tunc*, Appellant appealed to this Court on April 29, 2011.  Meanwhile,

> [o]n June 6, 2011, the District Attorney's Office forwarded to Appellant's counsel a communication from the FBI.  The document contains Agent Joseph Majarowitz's summary of a May 9, 2011 interview with Curtis Brown, who had been incarcerated with Perry.  Brown stated that Perry spoke of testifying at trial in a state court case against Appellant.  Perry indicated that he testified that Appellant was involved in the robbery because "someone had to 'go down' for it," but that Appellant was not actually involved in the crime.
>
> Based upon this document, Appellant filed [in the Superior] Court a petition to remand the case for a new trial or to pursue an after-discovered evidence petition with the trial court.

*Perrin I*, 59 A.3d at 665.  The Commonwealth opposed Appellant's motion and argued the judgment of sentence should be affirmed.

On January 3, 2013, in a published opinion, a divided panel of this Court granted Appellant's motion for remand.[5]  We vacated Appellant's judgment of

_____

[4] 18 Pa.C.S. §§ 907(a), 2701(a), 2705, 3925(a), 6106(a)(1), 6110.1.

[5] This Court first determined that Appellant's motion was properly filed under Pa.R.Crim.P. 720(C), which provides: "A post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after such discovery." *Perrin I*, 59 A.3d at 665.

*(Footnote Continued Next Page)*

sentence and remanded for Appellant to present his claim for a new trial before the trial court. The Commonwealth sought allowance of appeal in the Pennsylvania Supreme Court, which was granted. In a *per curiam* order, the Supreme Court vacated this Court's decision and remanded for reconsideration in light of that Court's then-recent decision in **Commonwealth v. Castro**, 93 A.3d 818 (Pa. 2014).[6] **Perrin**, 103 A.3d 1224.

On remand from the Supreme Court, the same panel determined, in a January 12, 2015, published opinion, that the **Castro** decision did not compel a different result. **Perrin II**, 108 A.3d at 53. Concluding that "Appellant described the evidence he will offer at the hearing with sufficient specificity to

---

> To obtain relief based on [Pa.R.Crim.P. 720(C)] after-discovered evidence, appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

**Id.** at 665, *quoting* **Commonwealth v. Montalvo**, 986 A.2d 84, 109 (Pa. 2009).

[6] **Castro** held that a Pa.R.Crim.P. 720(C) post-sentence motion for a new trial "must, at the very least, describe the evidence that will be presented at the hearing. Simply relying on conclusory accusations made by another, without more, is insufficient to warrant a hearing." **Castro**, 93 A.3d at 827 (defendant's motion cited newspaper article about police officer's misconduct, but defendant failed to state "which, if any, of this potential evidence [he] would rely on to support his request for a new trial").

satisfy our Supreme Court's requirements," the panel again remanded "this case for an evidentiary hearing and a trial court determination of whether a new trial is warranted." *Id.*

The trial court conducted the evidentiary hearings on August 25 and November 2, 2017. Appellant presented

> the testimony of Special Agent Majarowitz and Brown, but not Perry. Special Agent Majarowitz testified that Brown was a cooperating witness against his co-defendants who committed armed robberies of Philadelphia area pharmacies. [The agent] testified that in an interview prior to trial, Brown told him that Perry, his cellmate, stated that he lied about [Appellant's] involvement in the robbery [in the instant matter]. Special Agent Majarowitz . . . also stated that Brown did not receive any additional benefit at his own sentencing for the information about Perry.
>
> Brown testified . . . that he did not know [Appellant] but was cellmates with Perry for about two months at the Federal Detention Center in Philadelphia. He testified that Perry told him that he lied on the stand about [Appellant's] involvement because he was hoping to get a more lenient sentence. Brown testified that he only told Special Agent Majarowitz about Perry because he felt it was the right thing to do, not because he believed that he had to do so to get sentencing consideration in his case.

*Perrin III*, 11 EDA 2018 (unpub. memo. at 4-5).

As stated above, Perry did not testify, although "the certified record reflect[ed] that both [Appellant] and the Commonwealth made ongoing attempts to secure his testimony and arranged for him to testify from prison by video." *Perrin III*, 11 EDA 2018 (unpub. memo. at 8). Nevertheless, Perry "refused to go to the video screen in the prison to testify at the hearing[.]" *Id.* at 8.

- 6 -

On December 12, 2017, the trial court denied Appellant's motion for a new trial, finding that because he failed to present Perry, Brown's and Special Agent Majarowitz's testimony "was hearsay that [Appellant] could only use to impeach Perry's credibility, a purpose prohibited by Pennsylvania precedent." ***Perrin III***, 11 EDA 2018 (unpub. memo. at 5).

Appellant appealed, arguing Brown's and Special Agent Majarowitz's testimony was admissible evidence, and "**if** the trial court finds Brown's testimony to be credible, [Appellant] has established that he is entitled to a new trial." ***Perrin III***, 11 EDA 2018 (unpub. memo. at 6). On April 23, 2019, another panel of this Court vacated the trial court's ruling, in an unpublished memorandum. The panel determined Appellant "was unable to procure Perry's attendance through 'reasonable means,' . . . Perry was [thus] 'unavailable' within the meaning of Pa.R.E. 804[,]" and Brown's and Majarowitz's testimony was not excludable hearsay. ***Id.*** at 7-9, *citing* Pa.R.E. 804(a)(5)(B) ("A declarant is considered to be unavailable as a witness if [they are] absent from the . . . hearing and the statement's proponent has not been able, by process or other reasonable means, to procure . . . the declarant's attendance or testimony, in the case of a hearsay exception under Rule 804(b)[(3)].""), (b)(3)(B) ("The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness: . . . A statement that . . . is supported by corroborating circumstances that clearly indicate its

trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.").

This Court thus granted Appellant relief as follows:

[W]e vacate the court's order denying [Appellant's] motion for a new trial and remand for the determination of whether Brown's testimony was credible so as to justify a new trial. We note that the original trial court judge who decided [Appellant's] claim is no longer sitting. Hence, on remand, we direct the jurist appointed to handle this matter to **hold a hearing at which [Appellant] shall present his witnesses again so that the trial court need not rely on a cold record to make its credibility determinations**.

***Perrin III***, 11 EDA 2018 (unpub. memo. at 9) (citation omitted and emphasis added).

"On remand, the case was listed for a hearing on July 30, 2019." Order, 8/18/20, at 1 n.1. The parties requested several continuances, both individually and jointly. On February 24, 2020, Appellant and the Conviction Integrity Unit of the Philadelphia District Attorney's Office filed a Joint Memorandum of Law and Stipulations of Fact" (Joint Stipulations). The Joint Stipulations averred: (1) on September 19, 2019, defense counsel and the Commonwealth interviewed Brown, who "credibly and consistently reconfirmed the facts to which he testified at the 2017 evidentiary hearing;" (2) if Brown and Special Agent Majarowitz were called to testify at another evidentiary hearing, their testimony would be consistent with the testimony given at the 2017 evidentiary hearing; and (3) "[i]f called to testify a second time, the Parties stipulate that Brown would do so credibly;" and (4) the

Commonwealth did "not stand by Perry's credibility[,] and thus "would not call him to testify at any new trial." Joint Stipulations, 2/24/20, at 11-13. The Joint Stipulations concluded the parties have "resolve[d] the only remaining factual dispute" — Brown's credibility — and furthermore because they stipulate "that Perry's testimony can no longer be credited . . . there is no need" for an evidentiary hearing "to present Brown's or Majarowitz's testimony . . . a second time." *Id.* at 13-14.

The trial court heard argument on the Joint Stipulations on March 12, 2020. The court summarized the ensuing procedural history:

> The Court did not accept the stipulation and the case was continued for an evidentiary hearing on March 26, 2020. Due to the Covid-19 emergency, that date was canceled. A video status conference was held on July 9[th], at which time the defense objected to [the] Court's decision against proceeding by stipulation, the objection was overruled and the evidentiary hearing was rescheduled to take place via video on August 6[th]. On August 5[th], the Commonwealth submitted a Notice of Supplemental Authority, relating to stipulations.
>
> On August 6, 2020, a video evidentiary hearing was convened, at which time the parties again sought to proceed by way of stipulation, which request the Court denied. The parties objected to proceeding with live testimony, which objection was overruled. When the Court called for presentation of defense evidence, defense counsel declined, stating that presenting Mr. Brown's testimony would be against [Appellant's] best interest.

Order, 8/18/20, at 1-2 n.1 (paragraph breaks added). Appellant did not elaborate why presenting Brown's testimony would be against his interest, and made no claim the witnesses were unavailable. *Id.* at 2 n.1.

The trial court entered the underlying order denying Appellant's motion for a new trial, on August 18, 2020. The order explained that where the Superior Court's remand carried "specific instructions to hold a hearing at which the defense 'shall' present it witnesses in order for [the trial] Court to make credibility determinations," the defense's refusal to present any witnesses prevented the court "from making the requisite determination as to . . . Brown's credibility." Order, 8/18/20, at 2 n.1 The court further "concluded that the determination of credibility was not amenable to stipulation." *Id.* Appellant filed a timely notice of appeal.[7]

Appellant presents one issue for our review:

Did the trial court err in denying Appellant's motion for a new trial without considering the Parties' factual stipulations?

Appellant's Brief at 3.

Appellant first maintains that "[f]actual stipulations are a tried-and-true tool of legal advocacy." Appellant's Brief at 15. With respect to this Court's remand directive — that he was to present witnesses so that the trial court could make credibility determinations — Appellant asserts this Court's decision was "reasonable at the time." *Id.* at 16. However, he reasons, the "circumstances [have] changed," as the Commonwealth now concurs "that Brown was credible and [the Commonwealth] could not stand by Perry's

_____

[7] The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

- 10 -

credibility." *Id.* at 17. Appellant reiterates that the parties have "resolved the factual question of whether the evidence of Perry's confession was credible," a stipulation of facts is binding on a court, and thus "there is no need to present Brown's or Majarowitz's testimony . . . a second time." *Id.* at 14-16. Appellant then reasons the parties' Joint Stipulations "did not propose to bind the trial court to a particular outcome," and instead the court would "draw its own legal conclusions from [the stipulated] facts." *Id.* at 14. *See also id.* at 20 (the Joint Stipulations merely "resolved the outstanding factual dispute" and "left it to the trial court to apply the law to the factual record").

Appellant further alleges the trial court erred in disregarding the Joint Stipulations, where the court "granted [his] unopposed motion to admit the stipulations into evidence" at the July 9, 2020, status conference. Appellant's Brief at 18. "Having accepted the stipulations, the trial court could not disregard them." *Id.*

Appellant concludes the newly discovered evidence — Brown's statement that Perry admitted he lied at Appellant's trial — "goes further than simply undercutting Perry's . . . credibility," and instead showed Appellant "was not involved in the crime at all." Appellant's Brief at 23. Appellant argues he has satisfied the Rule 720(C) test for after-discovered evidence, and thus "his motion for a new trial should be granted." *Id.*

"The Commonwealth concurs with and adopts" Appellant's arguments. Commonwealth's Brief at 12. We determine no relief is due.

We note the relevant standard of review:

> "When we examine the decision of a trial court to grant a new trial on the basis of after-discovered evidence, we ask only if the court committed an abuse of discretion or an error of law which controlled the outcome of the case." "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." "If a trial court erred in its application of the law, an appellate court will correct the error."

***Commonwealth v. Padillas***, 997 A.2d 356, 361 (Pa. Super. 2010) (citations omitted).

In arguing the trial court was required to accept their stipulation that Brown was credible, Appellant and the Commonwealth ignore the long standing Pennsylvania rule that the credibility of a witness is to be determined solely by the finder of fact. ***See, e.g., Commonwealth v. Page***, 59 A.3d 1118, 1130 (Pa. Super. 2013) ("A determination of credibility lies solely within the province of the factfinder."); ***Commonwealth v. Blackham***, 909 A.2d 315, 319 (Pa. Super. 2006) ("The weight of the evidence is exclusively for the finder of fact, which is free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses."). ***See Cobbs v. Allied Chem. Corp.***, 661 A.2d 1375, 1377 (Pa. Super. 1995) ("It is well-established that parties, by stipulation, may bind themselves on all matters except those affecting jurisdiction and prerogatives of the court."); ***Kershner v.***

- 12 -

*Prudential Ins. Co.*, 554 A.2d 964, 966 (Pa. Super. 1989) ("It is well-settled that parties may bind themselves by stipulation on matters relating to individual rights and obligations, as long as their stipulations do not affect the court's jurisdiction or due order of business.").

We agree that, usually, parties may stipulate as to what a witness will testify to, and such a stipulation promotes efficiency in litigation. However, we agree with the trial court that the parties ignore the particular circumstances underlying this Court's April 23, 2019, remand order — the "cold record" of Brown's and Special Agent Majarowitz's testimony at the 2017 evidentiary hearings was not sufficient for the newly-appointed trial court "to make its credibility determinations," and thus Appellant "**shall** present his witnesses again so that the trial court" could makes its own credibility findings. *See Perrin III*, 11 EDA 2018 at 9.

Furthermore, we note that neither the Joint Stipulations nor Appellant's brief provide any explanation why he cannot present Brown or Special Agent Majarowitz at a new evidentiary hearing, an issue which he has litigated now for 10 years. Appellant was well on notice of the trial court's decision to **not** accept the Joint Stipulations; the court denied his request or overruled his objections no less than three times. *See* Order, 8/18/20, at 2 n.2 (trial court did not accept the stipulation at March 12, 2020, hearing; Appellant's objection to court's decision was overruled at July 9th status conference; parties' request to proceed by stipulation was again denied at August 6th

hearing; and parties' objection "to proceeding with live testimony" was overruled). Appellant does not address or refute the trial court's observation that although defense counsel stated "presenting Mr. Brown's testimony would be against [Appellant's] interest," counsel did not elaborate why.[8] *See id.*

Finally, we consider that the Commonwealth did not explain how it arrived at its present position that Perry was not credible. *See* Joint Stipulations at 12 ("After its independent review of the circumstances of the case, including its relative weakness, the skepticism with which Perry's testimony was initially received, and Perry's apparent confession to Brown, and Perry's refusal to participate in these proceedings, the Commonwealth does not stand by Perry's credibility."). The Commonwealth presented Perry as a witness at trial. Over the next seven years, it litigated against Appellant's motion for a new trial, through three appeals before this Court, an appeal to the Pennsylvania Supreme Court, and the 2017 evidentiary hearings. As the Joint Stipulations point out, the Commonwealth argued against the admission of Brown's statement on the ground it would be used to impeach Perry's credibility. *Id.* at 4, 5. The reasons cited by the Commonwealth for its new position on Perry — "its independent review of the circumstances of the case,

---

[8] We note the August 6, 2020, hearing transcript was not included in the electronic certified record transmitted on appeal. Nevertheless, as stated above, Appellant presents no argument on, or challenge to, the trial court's summation that his counsel stated that presenting Brown would be against his best interest, and that counsel did not provide any explanation why.

. . . the skepticism with which Perry's testimony was initially received, [and] Perry's apparent confession to Brown" — were all present when the Commonwealth learned of Brown's statement in May or June of 2011. *See* *id.* at 12. The Commonwealth's final factor — "Perry's refusal to participate in" the 2017 evidentiary hearings — without more, does not explain the Commonwealth's argument that it no longer believes the credibility of one of its two witnesses at trial. Without a satisfactory explanation about this issue, the trial court was under no obligation to simply overturn a conviction and grant a new trial.

Under our abuse of discretion standard, we decline to disturb the trial court's decision, under the particular circumstances of this case, to not accept the Join Stipulations in *lieu* of hearing live testimony. *See Padillas*, 997 A.2d at 361. Accordingly, we affirm the August 18, 2020, order denying Appellant's motion for a new trial.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/21

- 15 -